UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SERENA J. GOODMAN,<br><br>Plaintiff,<br><br>v.<br><br>M&T BANK, NATIONAL ASSOCIATION; and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendants. | Case No. 2:16-cv-1799-APG-CWH<br><br>**ORDER (1) DENYING MOTION TO AMEND COMPLAINT; AND (2) DENYING MOTION TO FILE SUPPLEMENTAL AUTHORITY**<br><br>(ECF Nos. 45, 55) |

Plaintiff Serena Goodman sued multiple parties based on alleged issues with her credit reports following a bankruptcy discharge. Only two defendants remain, and Goodman seeks to amend her complaint primarily to add two new class action claims under the Fair Credit Reporting Act. The defendants oppose the motion, arguing that Goodman has not demonstrated good cause to amend after the scheduled deadline for doing so. Because I find that Goodman was not diligent in seeking amendment, I deny her motion to amend the complaint. Goodman's motion to file supplemental authority to support her motion is denied as moot.

I. **BACKGROUND**

Goodman filed her complaint on July 28, 2016. ECF No. 1. A scheduling order was entered on October 5, 2016 setting the deadline to amend pleadings as December 5, 2016. ECF No. 17. The parties stipulated to extend the time for discovery on December 22, 2016 and March 23, 2017, but did not request or stipulate to extend the deadline to amend pleadings. ECF Nos. 27, 35.

During discovery, on November 22, 2016 Experian produced Goodman's consumer disclosures from before and after litigation began. ECF Nos. 45 at 7; 47 at 8. Experian produced confidential discovery materials on February 9, 2017. ECF No. 45 at 7. This production included a report that allegedly lists credit inquiries that had not been included on the previously produced

consumer disclosures. *Id.* at 8. It appears that this discrepancy forms the basis of the plaintiff's motion to amend.

Goodman deposed Experian's designated witness on March 3, 2017. ECF Nos. 45 at 8; 47 at 4. Experian verified the transcript of this deposition on April 18, 2017. ECF No. 45 at 11. Experian deposed Goodman on either on March 15 or March 20, 2017 (the parties can't agree on the date). *Compare* ECF No. 45 at 9, *with* ECF No. 47 at 4. Goodman requested additional discovery based on these depositions; Experian refused to produce any additional documents on May 15, 2017. ECF No. 45 at 11. Goodman filed the motion to amend on May 19, 2017. ECF No. 45.

### I. ANALYSIS

A motion to amend is generally considered under Federal Rule of Civil Procedure 15. But where a scheduling order has been entered, Rule 16 controls. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). "Where a party moves to amend the pleadings after a deadline set in the Rule 16 scheduling order, the Court should not modify the scheduling order except upon a showing of good cause." *Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 430 F. Supp. 2d 1157, 1163 (D. Nev. 2006). This standard "primarily considers the diligence of the party seeking the amendment." *Coleman*, 232 F.3d at 1294. If the moving party "was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975, F.2d 604, 609 (9th Cir. 1992).

In *Schwerdt v. International Fidelity Insurance Company*, 28 F. App'x 715 (9th Cir. 2002), the court held that the party seeking amendment had not been diligent when it waited one month after learning the basis for seeking to amend his complaint to inform the defendant of this intention, and another seven weeks to file his motion. *Id.* at 719. Multiple "[c]ourts have held that waiting two months after discovering new facts to bring a motion to amend does not constitute diligence under Rule 16." *Sako v. Wells Fargo Bank, Nat'l Assoc.*, No. 14cv1034-GPC(JMA), 2015 WL 5022326, at *2 (S.D. Cal. Aug. 24, 2015).

The basis for Goodman's motion to amend appears to be the information gleaned from a report produced as part of Experian's February 9, 2017 production. Even crediting Goodman's argument that she had to wait for her own deposition to understand how this report formed the basis of a new claim, that deposition occurred by March 20, 2017. Goodman filed her motion on May 19, 2017, nearly nine weeks after allegedly discovering the basis for amendment.

Goodman argues she was waiting for Experian to review and verify its deposition testimony and because Experian refused to produce documents related to this possible new cause of action. Neither of these allegations changes the fact that Goodman had the necessary documents to be aware of her cause of action on February 9, was able to question Experian about these documents on March 3, and gave "Experian . . . a full and fair opportunity to explore [these] issues itself" at her deposition. ECF No. 47 at 5. Goodman has not explained what information learned in the verified deposition transcript, let alone her own deposition, added to her understanding of the facts forming the basis of the proposed new claims. Therefore, Goodman was not diligent in filing her motion for leave to amend her complaint, and I deny the motion to amend. Goodman's motion to file supplemental authority in support of the motion to amend is denied as moot.

IT IS THEREFORE ORDERED that Goodman's motion to amend **(ECF No. 45) is DENIED.**

IT IS FURTHER ORDERED that Goodman's motion to file supplemental authority **(ECF No. 55) is DENIED as moot.**

DATED this 30th day of January, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE